In the Matter of the Estate of HARRY ELIOT ROBINSON, Also Known as HARRY E. ROBINSON, Deceased.

Surrogate's Court, Kings County, May 11, 1940.

*Flynt & Sully*, for the executors, appellants.

*Harry M. Peyser* [*Joseph P. Dowling* of counsel], for the State Tax Commission, respondent.

WINGATE, S. The present appellants seek to convince the court that where a man, during his lifetime, performed services which were legally compensable at a future time and at a reasonable rate, and his executors have, in fact, received the sum of $18,793.74 as compensation for such services actually rendered by him prior to his death, the sum thus received is not properly to be included in the taxable gross assets of his estate.

Harry E. Robinson, who was a resident of this county at the time of his death in 1938, had, for some fourteen years prior thereto, been a cotrustee of certain trusts under the will of Elias C. Benedict, a resident of the State of Connecticut. He had never received any commissions for his services in this regard. Subsequent to his death, his cotrustees paid to the executors of this estate the sum in dispute which was estimated by them to be the amount which had been earned by him as commissions for administering the trusts in question.

It does not appear that the amount of this payment has ever received judicial approval by the Connecticut courts, but according to the representations respecting the pertinent law of that State as submitted on behalf of the estate " the established practice with respect to trustees' commissions in the State of Connecticut is, that commissions at reasonable rates are paid by the trustees and are then submitted for approval by the Probate Court in the next succeeding annual account."

From this statement and from the Connecticut decisions submitted by the appellants, the Connecticut law appears to be plain that a trustee becomes entitled to reasonable compensation for the services which are performed by him as he performs such services. He is authorized to withdraw such sums currently in a manner similar to that which is permissible to a New York fiduciary in respect of funeral and administration expenses and such payment will be valid and final so long as the amount of the payments does not transcend the description of " reasonable." (Cf. *Matter of Rosenberg*, 169 Misc. 92, 96.) It is, however, open to any interested person to question the preliminary determination of reasonableness, and raise an issue in this regard, which will thereupon be evaluated by the probate judge; if found reasonable, it will be approved; if unreasonable, it will be adjusted. In other words, a reasonable remuneration is currently earned by the trustee, the payment of which to himself is permissible. Any payment is, however, subject to a condition subsequent that to the extent, if any, by which it may be determined to transcend the definition of " reasonable " it may subsequently be disallowed.

The New York cases cited by the appellants relating to the different New York conception of the payment of principal commissions, which are here not payable until after their actual allowance by the surrogate, are not in point. The same applies to the authorities which hold that earnings of a partnership subsequent to death or other receipts which were predicated on rights which had not matured at death, were not to be included in the gross estate. Here the *right* to compensation matured prior to death.

The value of such right, and consequently the amount receivable in respect of it, was not determinable until a subsequent time. This, however, does not render such right one which is not a part of the estate any more than is one on an unliquidated claim in tort or on contract which is liquidated subsequent to the death.

If, by chance, it shall be determined at some future time that more has been received than that reasonable compensation for services performed to which the decedent was entitled at his death, such fact might well form the basis for a reopening of the question or for a refund. The remote possibility in this regard is an insufficient basis for an exclusion of the sum received from the computation of the gross estate.

The appeal will be dismissed.

Enter order on notice in conformity herewith.